## Crum et ux. *v.* A. G. & S. Mining Company, Appellant.

*Coal—Coal lease—Termination clause—Notice—Suit for—Royalties—Affidavit of defense—Insufficiency.*

In an action to recover a royalty due under a coal lease, an affidavit of defense is insufficient, which avers that a written notice of termination was served upon plaintiff by the defendant and the lease thereby cancelled, when under the provisions of the lease it was required that, in addition to such notice, a formal surrender of the agreement duly signed and acknowledged should be delivered to the lessor.

Argued April 10, 1923. Appeal, No. 85, April T., 1923, by defendant, from judgment of C. P. Armstrong County, June T., 1922, No. 176, in favor of the plaintiff, for want of sufficient affidavit of defense in the case of H. F. Crum and Nora B. Crum v. A. G. & S. Mining Company, a corporation under the laws of the State of Pennsylvania. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit for royalties under a coal lease. Before KING, P. J.

Rule for judgment for want of a sufficient affidavit of defense.

The court made absolute the rule and entered judgment in favor of the plaintiff in the sum of $1,000. Defendant appealed.

*Error assigned* was the order of the court.

H. A. *Heilman,* for appellant.—The plaintiff waived formal notice: Smith v. Snyder, 168 Pa. 541; McClelland v. Rush, 150 Pa. 57; Lauman v. Young et al., 31 Pa. 306; Duffield v. Hue, 129 Pa. 94; Jones v. Sowers, 204 Pa. 329; Charfalt v. Goldbeck, 173 Pa. 354.

*H. N. Snyder,* for appellee.—The written notice was a condition precedent, and the formal surrender duly acknowledged was also necessary: Brown v. McCreight, 187 Pa. 181; Fritz v. Menges, 179 Pa. 122; Allegheny City v. Railway, 159 Pa. 411; Harris v. Mercur, 202 Pa. 313.

The affidavit of defense was insufficient: Comley & Co. v. Simpson, 6 Pa. Superior Ct. 12; Law v. Waldron, 230 Pa. 458; Wright v. General Canbonic Co., 271 Pa. 332; Republic F. & P. Co. v. Southwark F. & M. Co., 269 Pa. 522; Chain v. Hart, 140 Pa. 374; Class v. Kingsley, 142 Pa. 636; Erie City v. Butler, 120 Pa. 374.

OPINION BY HENDERSON, J., July 12, 1923:

The effect of the agreement between the plaintiffs and Mark H. Snyder was the conveyance of the coal in place as described in the agreement. Snyder became the owner of the Kittanning vein in the land of the grantors as a result of which there was a severance of title between the grantor and the grantee. It is not material that the words grant, bargain and sell were not used, where it is evident that the intention of the parties was that the grantors should part with the whole subject of negotiation and that the grantee should acquire title thereto. There was, it is true, a privilege in the grantee to surrender title to the coal and all rights acquired under the contract, but this was an option to the second party and did not affect the quality of the interest acquired. As the thing granted was real estate, the recording of the conveyance was a substitute for livery of seizin and constructive possession followed the estate: Hosack v. Crill, 18 Pa. Superior Ct. 90. The contract provides the mode by which the vendee could release himself from the terms of the obligation. That was to be accomplished by a surrender of "this lease or agreement, by writing duly signed and acknowledged and delivered, at the end of a semiannual period from the date of the same, provided, he gives to the parties of the first part 60 days'

written notice of his intention so to do, prior to said semiannual period," etc. Snyder assigned his contract to the defendant company, after which the latter placed it on record in the recorder's office of the county. The effect of this transfer was to vest the title to the coal in the defendant. That it attempted to take advantage of the right of surrender is evident, but it is equally evident that due regard was not had to the terms under which such surrender could be accomplished. As will be seen by reference to that part of the contract above quoted, the grantee was required to give sixty days' notice in writing prior to any semiannual period of his intention to surrender the agreement, and at the expiration of the time stated was to deliver to the plaintiffs a surrender of the agreement duly signed and acknowledged. It is conceded that this was not done. On the 26th day of January, 1922, the defendant addressed to the plaintiffs a notice somewhat ambiguous in form, but apparently intended as a notice of surrender. That it was sufficient as a notice of an intention to surrender the contract is conceded, but it had not the effect of restoring the title to the coal to the plaintiffs. It was not unreasonable that provision should be made for notice of the intention to reconvey. Within the sixty days the plaintiffs might obtain another purchaser and avoid the loss of time which otherwise might arise after a surrender. Nor was the provision as to the acknowledgment of the release unreasonable. The contract was on record. It was a notice to the world that the defendant owned the particular vein of coal described. If the title were not to be retained provision was very properly made that there should be a reconveyance in due form. The defendant being a corporation must act through its agents. There is nothing in the notice to show by whom or by what authority the paper was executed. A seal seems to have been affixed, but whether it was the corporate seal does not appear. A conveyance of a corporation is authenticated by its seal, but the seal must be proved. It is not necessary

that this be done by a witness who saw it affixed to the instrument, but the form and device of the seal must be identified. The defendant relies on the averment in the affidavit of defense that the plaintiffs waived strict compliance with the terms of their grant in that they did not inform the defendant the notice sent them was not in conformity therewith. As there is no other suggestion of waiver than the omission to object, no question of fact is presented requiring the verdict of a jury. The defense set up is an inference of law. The question is whether the plaintiffs were bound to assume that the defendant intended this notice to be a surrender of the agreement by writing duly signed and acknowledged and delivered. As it was not duly signed and acknowledged and was in effect a notice of an intention to surrender given under the provisions of the contract, we are of the opinion that it was not only not the surrender which the parties had stipulated for, but that it had not the effect to accomplish a restoration of the title to the coal in the plaintiffs. The paper sent the plaintiffs was not what the contract provided for, not anything like it. At the most it was a notice of intention to take advantage of the provision of the contract for a surrender and that was to be accomplished as provided for in the agreement by a reconveyance in such form that it might be recorded and thereby exhibit to the public a restoration of the title to the coal in the plaintiffs. The objection to the judgment because the reply of the plaintiffs raised an issue which should be disposed of before the entry of judgment cannot be sustained. No fact was introduced in the affidavit which required a reply and the paper filed may be considered superfluous. The whole controversy is presented in the statement of claim and the affidavit of defense and we do not find any fact sufficiently averred in the latter document which entitled the defendant to a trial.

The judgment is affirmed.